Eugene C. and A. Katherine Royston v. Commissioner.
Royston v. Commissioner
Docket No. 2494-69 SC.
United States Tax Court
T.C. Memo 1970-5; 1970 Tax Ct. Memo LEXIS 355; 29 T.C.M. (CCH) 8; T.C.M. (RIA) 70005; January 7, 1970, Filed. Eugene C. Royston, pro se, 32 B-1 Beech Dr., Baltimore, Md.John J. Weiler, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $133.99 in petitioners' Federal income tax for the year 1967. The only issue for decision is whether the petitioners are entitled to deduct $750 claimed as a theft loss on their 1967 Federal income tax return. Findings *356 of Fact Eugene C. Royston and Anna Katherine Royston are husband and wife whose legal residence was Baltimore, Maryland, at the time they filed their petition in this proceeding. They filed their joint Federal income tax return for 1967 with the district director of internal revenue at Baltimore, Maryland. On or about December 15, 1967, the 1967 Volkswagen owned by Eugene C. Royston was broken into while parked in the rear of 3400 Hilton Road, Baltimore, Maryland. As reported to the Police Department, City of Baltimore, on December 16, 1967, the following property was stolen from the automobile: (1) A tan brief case containing personal and business papers
$5.00
(2) A man's wallet containing driver's license and papers, but no money
5.00
(3) Cartons of Chesterfield cigarettes 4.60
Total value
$14.60
On their 1967 Federal income tax return the petitioners claimed an "uninsured casualty loss (theft from auto)" in the amount of $750. Opinion The case involves a purely factual question. Petitioners must prove that property was actually stolen and the amount of the loss. Section 165, Internal Revenue Code of 1954, provides, in pertinent *357 part, as follows: SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (b) Amount of Deduction. - For purposes of subsection (a), the basis for determining the amount of the deduction for any loss shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable *358 year in which the loss is allowed as a deduction shall be treated as one individual. No loss described in this paragraph shall be allowed if, at the time of filing the return, such loss has been claimed for estate tax purposes in the estate tax return. * * * (e) Theft Losses. - For purposes of subsection (a), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss. We are satisfied by the police report that a theft of property from petitioners' Volkswagen occurred sometime around December 15, 1967. However, petitioners have failed 9 to establish the amount of the loss. The amount deductible as a personal theft loss is measured by the fair market value of the property immediately before the theft, but not in excess of its cost or other adjusted basis, reduced by any insurance received. Section 1.165-8, Income Tax Rega. In addition, the amount of the deduction for a personal theft loss is limited to the amount of each loss in excess of $100. Section 1.165-8(c), Income Tax Regs. Petitioners have failed to carry their burden of proof in two respects: (1) They have not established the fair market value of property *359 claimed to have been stolen and (2) they have not proved its cost or other adjusted basis - an essential element of their case. Contrary to the information given the police officer when Eugene Royston reported the theft from his automobile, petitioner Royston testified that besides his wallet and personal papers he also had a traveling case and hunting clothes and equipment in the car. He claimed they were worth about $250 and that the personal papers were worth at least $500. Under the circumstances we regard his testimony as inconsistent and unreliable. Even if we accepted his testimony that these items were stolen, he has completely failed to show their cost or fair market value. Therefore, we sustain respondent's disallowance of the claimed loss. Decision will be entered for the respondent.